**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**BOBBY L. MAGWOOD,**

       **Plaintiff,**

**vs.**                             **Case No. 4:13cv517-RH/CAS**

**MICHAEL D. CREWS,
and WARDEN R. COMERFORD,**

       **Defendants.**

_____/


## REPORT AND RECOMMENDATION

Defendants filed a Notice of Removal on September 16, 2013, doc. 1, and

thereafter, a motion to dismiss, doc. 9, asserting that Plaintiff's complaint fails to state

an Eighth Amendment claim, that Defendants are entitled to Eleventh Amendment

immunity and qualified immunity.  Defendants also contend that Plaintiff is not entitled to

injunctive relief, compensatory damages, or punitive damages.  Doc. 9.  Plaintiff was

advised of his obligation to file a response in opposition to the motion to dismiss, doc.

12, and Plaintiff has complied.  Doc. 13.  Plaintiff argues that he has shown conclusively

that Defendants failed "to provide him with an adequate medical provider for over a two

(2) year span . . . ."  *Id.* at 2.  Plaintiff argues that Defendants are not entitled to

Eleventh Amendment immunity because "[b]oth defendants knew the medical providers

were acting unlawfully and refused to stop them from doing so." *Id.* at 3.  He claims he

is entitled to punitive damages because § 1997e(e) only restricts recovery of damages

for mental and emotional injury.  *Id.* at 4.  Finally, because Plaintiff contends "there is no

doubt of Plaintiff's need for medical treatment," that he is entitled to injunctive and

declaratory relief.  *Id.* at 5.

**Standard of Review**

In reviewing a motion to dismiss filed pursuant to Fed.R.Civ.P. 12(b)(6) for failing

to state a claim upon which relief can be granted, the court must consider whether the

plaintiff has alleged enough plausible facts to support the claim stated.  Bell Atlantic

Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (retiring the

standard from Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), that

dismissal should not be ordered unless it appears beyond doubt that plaintiff could

prove "no set of facts" in support of his claims which would entitle him to relief).  The

pleading standard is not heightened, but flexible, in line with Rule 8's command to

simply give fair notice to the defendant of the plaintiff's claim and the grounds upon

which it rests.  Swierkiewicz v. Sorema, 534 U.S. 506, 122 S.Ct. 992, 998, 152 L.Ed.2d

1 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

exceptions.").  A complaint does not need detailed factual allegations to survive a

motion to dismiss, but it must provide the grounds for a plaintiff's entitlement to relief

beyond mere "labels and conclusions, and a formulaic recitation of the elements of a

cause of action . . . ."  Twombly, 127 S.Ct. at 1964-65.

> If a pleading fails to specify the allegations in a manner that provides
> sufficient notice, a defendant can move for a more definite statement

under Rule 12(e) before responding. Moreover, claims lacking merit may
be dealt with through summary judgment under Rule 56.

Swierkiewicz, 122 S.Ct. at 998-999.

A court must accept the factual allegations of the complaint as true, Shotz v.
American Airlines, Inc., 420 F.3d 1332, 1334-35 (11th Cir. 2005), and dismissal is not
permissible because of "a judge's disbelief of a complaint's factual allegations."
Twombly, 127 S.Ct. at 1965, *quoting* Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct.
1827, 104 L.Ed.2d 338 (1989). "*Pro se* pleadings are held to a less stringent standard
than pleadings drafted by attorneys and will, therefore, be liberally construed."
Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). Nevertheless, a
complaint must provide sufficient notice of the claim and the grounds upon which it rests
so that a "largely groundless claim" does not proceed through discovery and "take up
the time of a number of other people . . . ." Dura Pharmaceuticals, Inc. v. Broudo, 544
U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005), *quoted in* Twombly, 127 S.Ct. at
1966.

**Analysis**

Defendants contend that Plaintiff's complaint should be dismissed because the
only named Defendants are Michael Crews, the Secretary of the Florida Department of
Corrections, and R. Comerford, the Warden of Santa Rosa Correctional Institution.
Doc. 9 at 3; *see* doc. 7 at 2 (complaint). Defendants correctly note that prison officials
who have supervisory capacities are not liable for the actions of their subordinates
under § 1983 because respondeat superior does not provide a basis for liability in a civil
rights action. Harvey v. Harvey, 949 F.2d 1127, 1129 (11th Cir. 1992), *citing* Monell v.

Department of Social Services, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).

In a civil rights action, Plaintiff must name as Defendants only those persons who were personally involved or participated in the events at issue, or who are responsible for creating a policy or procedure that caused the constitutional deprivation. There must be some causal connection between each defendant named and the injury allegedly sustained, but that connection must be more than the fact that a named Defendant has a supervisory role over another.

Here, Plaintiff alleged in his complaint that over the past two years, he "has not once seen a doctor." Doc. 7 at 3. Plaintiff contends that "every nurse who has checked his blood pressure and asthma conditions has stressed very strongly that Plaintiff's health and life are in grave danger from lack of taking his medications." *Id.* Plaintiff makes the broad, conclusory allegation that he has yet to have his medical problems "properly diagnosed or treated." *Id.* Plaintiff does not, however, explain how or why he believes his medical problems are not treated in light of the fact that his complaint indicates he has seen nurses for medical care. Plaintiff asserts that "[t]he deliberate indifference to [his] medical needs violated" Plaintiff's due process rights under the Fourteenth Amendment of the United States Constitution. Doc. 7 at 4.

First, it was previously noted, *see* doc. 12, that in Plaintiff's objection to removal of this case to this Court, Plaintiff complained that he has not filed "an Eighth Amendment Medical Injury Complaint, but rather a Fourteenth Amendment Malpractice and Negligent Complaint . . . ." Doc. 10. Plaintiff was incarcerated in the Florida Department of Corrections at the time of the events at issue in his complaint, and Plaintiff complains generally that he was not provided with medications for his blood

pressure and asthma. "Although Plaintiff mistakenly believes the claims are based on the Fourteenth Amendment, construing the complaint liberally as this Court must do for a pro se Plaintiff, the complaint presents Eighth Amendment claims." Doc. 12. Individuals already convicted of a crime and incarcerated for those crimes who claim the denial of medical care present an Eighth Amendment claim. Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Persons who are pretrial detainees and have not yet been convicted who allege medical care claims proceed under the Due Process Clause of the Fourteenth Amendment. Graham v. Connor, 490 U.S. 386, 396 n. 10, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989); Ancata v. Prison Health Srvcs., Inc., 769 F.2d 700, 703, n.5 (11th Cir. 1985). Nevertheless, the minimum standard under the Due Process Clause is the same as the Eighth Amendment's standard for convicted prisoners. Belcher v. City of Foley, 30 F.3d 1390, 1396 (11th Cir. 1994); Hamm v. DeKalb County, 774 F.2d 1567, 1574 (11th Cir. 1985).

Deliberate indifference to the serious medical needs of prisoners states a valid constitutional claim. Estelle v. Gamble, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)(holding that such a claim by a prisoner convicted of a crime violates the Eighth Amendment's prohibition of cruel and unusual punishment). To bring a viable Eighth Amendment claim for the denial of medical care, Plaintiff must allege that he had an objectively serious need, that a Defendant provided an objectively insufficient response to that need, that the Defendant had both a subjective awareness of facts signaling the need, "and an actual inference of required action from those facts." Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000), cert. denied 531 U.S. 1077 (2001); Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003). Plaintiff's claims in this case are

insufficient because neither Defendant Crews or Comerford are alleged to have been personally involved in Plaintiff's medical care. Plaintiff provides no factual allegations in the complaint which reveal any basis for a deliberate indifference claim against either Defendant, and the motion to dismiss should be granted.

In light of the foregoing, it is respectfully **RECOMMENDED** that the motion to dismiss, doc. 9, be **GRANTED**, that Plaintiff's complaint, doc. 7, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on November 5, 2013.


 S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


**<u>NOTICE TO THE PARTIES</u>**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**