**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

BOBBY L. MAGWOOD,

      Plaintiff,

v.                               CASE NO.  4:13cv517-RH/CAS

MICHAEL D. CREWS and
WARDEN R. COMERFORD,

      Defendants.

_____/

**ORDER DISMISSING THE COMPLAINT
AND GRANTING LEAVE TO AMEND**

This prisoner civil-rights case is before the court on the magistrate judge's

report and recommendation, ECF No. 14.  No objections have been filed.

The complaint alleges that the plaintiff needed medicine for high blood

pressure but did not receive it.  Failure to provide medication that a prisoner needs

to treat a serious medical condition can violate the Eighth Amendment.  *See, e.g.*,

*Washington v. Dugger*, 860 F.2d 1018, 1020-21 (11th Cir. 1998) (involving

medicine that would temporarily eliminate or reduce significant pain); *Campbell v.*

*Beto*, 460 F.2d 765, 767 (5th Cir. 1972) (involving heart medicine); *see also*

*Hill v. Dekalb Regional Youth Detention Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994), *abrogated in part on other grounds by Hope v. Pelzer*, 536 U.S. 730, 739 & n.9 (2002).

Nonetheless, the report and recommendation correctly concludes that the plaintiff's complaint fails to state a claim on which relief can be granted. The primary reason is that the complaint names two defendants but does not allege that either had any role in the alleged denial of medicine. As the authorities cited in the report and recommendation make clear, a defendant cannot be held vicariously liable under 42 U.S.C. § 1983 for constitutional violations in which the defendant had no role.

This order affords the plaintiff an opportunity to amend. If the plaintiff chooses to file an amended complaint, he should name as defendants only individuals who participated in the alleged unconstitutional denial of medicine. Any amended complaint must include a "short and plain statement of the claim showing that [the plaintiff] is entitled to relief" against any specific defendant named in the amended complaint. Fed. R. Civ. P. 8(a)(2).

For these reasons and those set out in the report and recommendation,

IT IS ORDERED:

The report and recommendation is ACCEPTED and adopted as the court's opinion. The complaint is dismissed. The plaintiff may file an amended complaint by February 24, 2014.

SO ORDERED on January 24, 2014.

s/Robert L. Hinkle
United States District Judge